FILED

**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DEBRA AUSTRIAN,

Plaintiff,

v. Case No. 8:21 cv 156 T 210 TGW

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,

Defendant.

---

## PLAINTIFF'S ORIGINAL COMPLAINT

## PRELIMINARY STATEMENT

Plaintiff DEBRA AUSTRIAN, hereinafter referred to as "Plaintiff," brings

1. This ERISA action against Liberty Life Assurance Company of Boston, in its capacity as Administrator of hibu Inc. Long Term Disability Plan, hereinafter referred to as "Defendant". Plaintiff brings this action to secure all disability benefits, whether they be described as short term, long term and/or waiver of premium claims to which Plaintiff is entitled under a disability insurance policy underwritten and administered by Defendant. Plaintiff is covered under the policy by virtue of her employment with hibu Inc.

## THE PARTIES

2. Plaintiff is a citizen and resident of Wellington, Florida.

3. Defendant is a properly organized business entity doing business in the State of Florida.

4. The disability plan at issue in the case at bar was funded and

tkn 62950
$402.00

administered by Defendant.

5. Defendant is a business entity doing business in the Middle District of Florida. Defendant may be served with process by serving its registered agent, Chief Financial Officer, 200 E. Gaines Street, Tallahassee, Florida 32399-4201.

**JURISDICTION AND VENUE**

6. This court has jurisdiction to hear this claim pursuant to 28 U.S.C. §1331, in that the claim arises under the laws of the United States of America. Specifically, Plaintiff brings this action to enforce her rights under section 502(a)(1)(B) of the Employee Retirement Income Security Act, (ERISA), which provides "[a] civil action may be brought . . . (1) by a participant or by a beneficiary . . . (B) to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." 29 U.S.C. § 1132 (a)(1)(B).

7. Venue in the Middle District of Florida is proper by virtue of Defendant doing business in the Middle District of Florida. Under the ERISA statute, venue is proper "in the district where the plan is administered, where the breach took place, or where a defendant resides or may be found." 29 U.S.C. § 1132(e)(2). Therefore, venue may also be proper under the third prong of ERISA's venue provision, specifically "where a defendant resides or may be found." (*Id.*) Here, Defendant is "found" within the Middle District of Florida, as it does business here, and the court has personal jurisdiction over Defendant, as it has sufficient ties to the United States.

## CONTRACTUAL AND FIDUCIARY RELATIONSHIP

8. Plaintiff has been a covered beneficiary under a group disability benefits policy issued by Defendant at all times relevant to this action. Said policy became effective January 1, 2017.

9. The disability policy at issue was obtained by Plaintiff by virtue of Plaintiff's employment with hibu Inc. at the time of Plaintiff's onset of disability.

10. Under the terms of the policy, Defendant administered the Plan and retained the sole authority to grant or deny benefits to applicants.

11. Defendant funds the Plan benefits.

12. Because the Defendant both funds the Plan benefits and retains the sole authority to grant or deny benefits, Defendant has an inherent conflict of interest.

13. Because of the conflict of interest described above, Defendant's decision to deny disability benefits should be reviewed by this Court under a *de novo* standard of review.

14. Further, in order for the Plan Administrator's decisions to be reviewed by this Court under an "arbitrary and capricious" standard, the Plan must properly give the Plan Administrator "discretion" to make said decisions within the plain language in the Plan.

Defendant has a fiduciary obligation to administer the Plan fairly and to furnish disability benefits according to the terms of the Plan.

## ADMINISTRATIVE APPEAL

16. Plaintiff is a 65 year old woman previously employed by hibu Inc. as a "Sales Representative, Advertising."

17. Sales Representative, Advertising, is classified under the Dictionary of Occupational Titles as Light with an SVP of 6 and considered to be skilled work.

18. Due to Plaintiff's degenerative and traumatic injuries, Plaintiff ceased actively working on July 31, 2017 as on this date she suffered from neck and back pain; spinal stenosis in the lumbar region; and subsequent surgery for C5-6 anterior discectomy and fusion.

19. Plaintiff alleges that she became disabled on August 1, 2017.

20. Plaintiff filed for short term disability benefits with Defendant.

21. Short term disability benefits were granted.

22. Plaintiff filed for long term disability benefits through the plan administered by the Defendant.

23. On January 24, 2020, Defendant denied long term disability benefits under the Plan. Said letter allowed Plaintiff 180 days to appeal this decision.

24. At the time Defendant denied Plaintiff long term disability benefits, the disability standard in effect pursuant to the Plan was that Plaintiff must be considered unable to perform "Any Occupation."

25. If granted the Plan would pay monthly benefit of $4,232.81.

26. On May 16, 2019, Plaintiff pursued her administrative remedies set forth in the Plan by requesting administrative review of the denial of benefits.

27. Plaintiff timely perfected her administrative appeal pursuant to the Plan by

sending letter requesting same to the Defendant.

28. Plaintiff submitted additional information including medical records to show that she is totally disabled from the performance of both her own and any other occupation as defined by the Plan.

29. Additionally, the Social Security Administration issued a fully favorable decision on Plaintiff's claim for disability benefits under Title II and Title XVI of the Social Security Act, finding that Plaintiff is "disabled" during the relevant time period. Notably, the SSA's definition of disability is significantly more restrictive than Defendant's as they require the claimant to be unable to work in "any occupation in the National Economy."

30. Defendant was provided documentation of the Social Security Administration's finding that Plaintiff was found to be totally disabled under Title II and Title XVI of the Social Security Act.

31. On or about December 17, 2017, Defendant's internal consultant, Jessica Dougherty, MS, CRC, senior vocational consultant, performed a paper review of Plaintiff's claim file.

32. On or about November 8, 2018, Defendant's paid consultant, Theresa Oney, M.D., physical medicine and rehabilitation, performed a peer review of Plaintiff's claim file.

33. On or about June 19, 2019, Defendant's internal consultant, Reva B. Klein, M.D., psychiatry and neurology, performed a paper review of Plaintiff's claim file.

34. On or about July 19, 2019, Defendant's internal consultant, Rebecca Gladman, MS, CRC, vocational rehabilitation counselor, performed a paper review of

Plaintiff's claim file.

35. On or about August 7, 2020, Defendant's paid consultant, Kevin Kohan, DO, physical medicine and rehabilitation, performed a peer review of Plaintiff's claim file..

36. On or about August 18, 2020, Defendant's internal consultant, Michelle Reddinger, MA, CRC, certified rehabilitation counselor and senior vocational case manager, performed a paper review of Plaintiff's claim file.

37. Defendant's consultants completed their reports without examining Plaintiff.

38. On September 21, 2020, Defendant notified Plaintiff that Defendant affirmed its original decision to deny Plaintiff's claim for long term disability benefits.

39. Defendant also notified Plaintiff on September 21, 2020 that Plaintiff had exhausted her administrative remedies.

40. Defendant, in its final denial, discounted the opinions of Plaintiff's treating physicians, among others, and the documented limitations from which Plaintiff suffers including the effects of Plaintiff's impairments on her ability to engage in work activities.

41. Plaintiff has now exhausted her administrative remedies, and her claim is ripe for judicial review pursuant to 29 U.S.C. § 1132.

## MEDICAL FACTS

42. Plaintiff suffers from multiple medical conditions resulting in both exertional and nonexertional impairments.

43. Plaintiff suffers from hypertension; hyperlipidemia; supraventricular tachycardia; cervicalgia; cervical spinal stenosis and weakness; and bilateral

parathesias in the arms and pain.

44. Treating physicians document continued chronic back pain, radicular symptoms, as well as decreased range of motion and weakness.

45. Plaintiff's multiple disorders have resulted in restrictions in activity, have severely limited Plaintiff's range of motion, and have significantly curtailed her ability to engage in any form of exertional activity.

46. Further, Plaintiff's physical impairments have resulted in chronic pain and discomfort.

47. Plaintiff's treating physicians document these symptoms. Plaintiff does not assert that she suffers from said symptoms based solely on her own subjective allegations.

48. Physicians have prescribed Plaintiff with multiple medications, including narcotic pain relievers, in an effort to address her multiple symptoms.

49. However, Plaintiff continues to suffer from breakthrough pain, discomfort, and limitations in functioning, as documented throughout the administrative record.

50. Plaintiff's documented pain is so severe that it impairs her ability to maintain the pace, persistence and concentration required to maintain competitive employment on a full time basis, meaning an 8 hour day, day after day, week after week, month after month.

51. Plaintiff's medications cause additional side effects in the form of sedation and cognitive difficulties.

52. The aforementioned impairments and their symptoms preclude Plaintiff's performance of any work activities on a consistent basis.

53. As such, Plaintiff has been and remains disabled per the terms of the Plan and has sought disability benefits pursuant to said Plan.

54. However, after exhausting her administrative remedies, Defendant persists in denying Plaintiff her rightfully owed disability benefits.

## DEFENDANT'S CONFLICT OF INTEREST

55. At all relevant times, Defendant has been operating under an inherent and structural conflict of interest as Defendant is liable for benefit payments due to Plaintiff and each payment depletes Defendant's assets.

56. Defendant's determination was influenced by its conflict of interest.

57. Defendant has failed to take active steps to reduce potential bias and to promote accuracy of its benefits determinations.

58. The long term disability Plan gave Defendant the right to have Plaintiff submit to a physical examination at the appeal level.

59. A physical examination, with a full file review, provides an evaluator with more information than a medical file review alone.

60. More information promotes accurate claims assessment.

61. Despite having the right to a physical examination, Defendant did not ask Plaintiff to submit to one.

## COUNT I:
## WRONGFUL DENIAL OF BENEFITS UNDER ERISA, 29 U.S.C. § 1132

62. Plaintiff incorporates those allegations contained in paragraphs 1 through 61 as though set forth at length herein

63. Defendant has wrongfully denied disability benefits to Plaintiff in violation of Plan provisions and ERISA for the following reasons:

a. Plaintiff is totally disabled, in that she cannot perform the material duties of her own occupation, and she cannot perform the material duties of any other occupation which her medical condition, education, training, or experience would reasonably allow;

b. Defendant failed to afford proper weight to the evidence in the administrative record showing that Plaintiff is totally disabled;

c. Defendant's interpretation of the definition of disability contained in the policy is contrary to the plain language of the policy, as it is unreasonable, arbitrary, and capricious, and;

d. Defendant has violated its contractual obligation to furnish disability benefits to Plaintiff.

**COUNT II: ATTORNEY FEES AND COSTS**

64. Plaintiff repeats and realleges the allegations of paragraphs 1 through 63 above.

65 By reason of the Defendant's failure to pay Plaintiff benefits as due under the terms of the Plan, Plaintiff has been forced to retain attorneys to recover such benefits, for which Plaintiff has and will continue to incur attorney's fees. Plaintiff is entitled to recover reasonable attorney's fees and costs of this action, pursuant to Section 502(g)(1) of ERISA, 29 U.S.C. §1132(g)(1).

WHEREFORE, **Plaintiff demands judgment for the following:**

A. Grant Plaintiff declaratory relief, finding that she is entitled to all past due short term and long term disability benefits yet unpaid;

B. Order Defendant to pay past short term and long term disability benefits

retroactive to February 1, 2020 to the present in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan, plus pre-judgment interest;

C. Order Defendant to remand claim for future administrative review and continue to make future long term disability benefits in the monthly amount specified in the Plan and subject to such offsets as are permitted in the Plan until such time as Defendant makes an adverse determination of long-term disability consistent with ERISA and Plaintiff's entitlements under the Plan.

D. Order Defendant to pay for the costs of this action and Plaintiff's attorney's fees, pursuant to Section 502(g) of ERISA, 29 U.S.C. § 1132(g); and

E. For such other relief as may be deemed just and proper by the Court.

Dated: Tampa, Florida
January 21, 2021

Respectfully submitted,

MARC WHITEHEAD & ASSOCIATES,
ATTORNEYS AT LAW L.L.P.

By: ______________________

Keith J Gabobsik
Florida Bar #:0143420
KJG LAW
4734 68th Terrace N
Pinellas Park, FL 33781
Telephone Number: (727) 698-6066
Email address: kjfg1@hotmail.com

ATTORNEY FOR PLAINTIFF,
SHIRLEY CAMERON