**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

| | | |
|---|---|---|
| DEBRA AUSTRIAN | § | |
| | § | |
| Plaintiff, | § | C.A. No. 8:21-cv-00156-KKM-TGW |
| | § | |
| VS. | § | |
| | § | |
| LIBERTY LIFE ASSURANCE COMPANY OF BOSTON, | § | |
| | § | |
| | § | |
| Defendant. | § | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S ORIGINAL COMPLAINT**

Defendant Lincoln Life Assurance Company of Boston f/k/a Liberty Life Assurance Company of Boston ("Liberty Life")[1] files this Answer to Plaintiff's Original Complaint (the "Complaint") filed by Plaintiff Debra Austrian ("Plaintiff"), and states as follows:

1. Liberty Life admits Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)). Liberty Life admits Plaintiff was, at certain times, employed by hibu Inc. ("hibu") and was, at certain times, a participant in the hibu Inc. Long Term Disability Plan ("the Plan"). Liberty Life admits it issued a Group Disability Income Policy (the "Policy") to hibu, which Policy, at certain times, insured benefits paid by the Plan. Liberty Life denies it was the plan

1 Liberty Life Assurance Company of Boston is now known as Lincoln Life Assurance Company of Boston, which is the correct name of the Defendant in this action.

administrator of the Plan and denies all remaining allegations contained in Paragraph 1 of the Complaint.

## **PARTIES**

2. Liberty Life is without sufficient knowledge to either admit or deny Plaintiff's current residence, and accordingly, denies this allegation.

3. Liberty Life admits the allegations contained in Paragraph 3 of the Complaint.

4. Liberty Life admits it issued the Policy to hibu, which Policy, at certain times, insured benefits paid by the Plan. Liberty Life denies it was the plan administrator of the Plan and denies all remaining allegations contained in Paragraph 4 of the Complaint.

5. Liberty Life admits the allegations contained in Paragraph 5 of the Complaint.

## **JURISDICTION AND VENUE**

6. Liberty Life admits that Plaintiff's claims are governed by Section 502 of ERISA (29 U.S.C. § 1132(a)(1)(B)) under the jurisdiction of this Court pursuant to 28 U.S.C. § 1331. Liberty Life denies all remaining allegations contained in Paragraph 6 of the Complaint.

7. Liberty Life admits that venue of this action is proper in this Court. To the extent that Paragraph 7 contains legal conclusions, Liberty Life is not required

to answer. Liberty Life denies all remaining allegations contained in Paragraph 7 of the Complaint.

**CONTRACTUAL AND FIDUCIARY RELATIONSHIP**

8. Liberty Life admits Plaintiff was, at certain times, a participant in the Plan. Liberty Life admits it issued the Policy to hibu with an effective date of January 1, 2017, which Policy, at certain times, insured benefits paid by the Plan. Liberty Life denies all remaining allegations contained in Paragraph 8 of the Complaint.

9. Liberty Life admits Plaintiff was, at certain times, employed by hibu and a participant in the Plan. Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Plan, and Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life admits it issued the Policy to hibu, which Policy, at certain times, insured benefits paid by the Plan. Liberty Life denies all remaining allegations contained in Paragraph 9 of the Complaint.

10. Liberty Life admits it issued the Policy to hibu, which Policy, at certain times, insured benefits paid by the Plan under the terms of the Policy. Liberty Life denies it was the plan administrator of the Plan and denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. Liberty Life admits it issued the Policy to hibu, which Policy, at certain times, insured benefits paid by the Plan under the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. Liberty Life admits it issued the Policy to hibu, which Policy, at certain times, insured benefits paid by the Plan under the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Liberty Life admits that its decision on Plaintiff's claim for benefits from the Plan under the Policy is the subject of the Complaint. Liberty Life further admits that its decision will be reviewed by the Court in the Court's ruling on Plaintiff's claims in the Complaint. Liberty Life denies all remaining allegations contained in Paragraph 13 of the Complaint.

14. To the extent that Paragraph 14 contains legal conclusions, Liberty Life is not required to answer. Liberty Life admits the Policy includes language pertaining to discretionary authority, and Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 14 of the Complaint.

15. There is no paragraph numbered "15" contained in the Complaint.

To the extent that the unnumbered paragraph following Paragraph 14 contains legal conclusions, Liberty Life is not required to answer. To the extent Plaintiff attempts to interpret the Policy, Liberty Life refers to the Policy itself as the best

evidence of its contents. Liberty Life denies all remaining allegations contained the unnumbered paragraph following Paragraph 14 of the Complaint.

## ADMINISTRATIVE APPEAL

16. Liberty Life admits Plaintiff was, at certain times, employed by hibu as an Account Manager (Outside Sales). Liberty Life admits that documents in the administrative record regarding Plaintiff's claim for benefits from the Plan contain information concerning Plaintiff's date of birth, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 16 of the Complaint.

17. To the extent that Plaintiff is relying on documents that are not contained in the administrative record regarding Plaintiff's claim for benefits from the Plan, Liberty Life states that the Court's review in this action is limited to the administrative record and refers to the administrative record itself as the best evidence of its contents. Additionally, to the extent Plaintiff attempts to interpret the Dictionary of Occupational Titles, Liberty Life refers to that document itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 17 of the Complaint.

18. Liberty Life admits Plaintiff's last day at work at hibu was July 31, 2017. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from

the Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 18 of the Complaint.

19. Liberty Life admits Plaintiff's last day at work at hibu was July 31, 2017. Liberty Life admits that by this action, Plaintiff is seeking recovery of disability benefits from the Plan, and Liberty Life denies Plaintiff is entitled to any such relief or recovery. Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Plan, and Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 19 of the Complaint.

20. Liberty Life admits Plaintiff submitted a claim for short-term disability benefits from the short-term disability benefit plan ("STD Plan") sponsored by hibu. Liberty Life denies all remaining allegations contained in Paragraph 20 of the Complaint.

21. Liberty Life admits Plaintiff received, at certain times, benefits from the STD Plan. Liberty Life denies all remaining allegations contained in Paragraph 21 of the Complaint.

22. Liberty Life admits Plaintiff submitted a claim for benefits from the Plan. Liberty Life admits it issued the Policy to hibu, which Policy, at certain times,

insured benefits paid by the Plan under the terms of the Policy. Liberty Life denies it was the plan administrator of the Plan and denies all remaining allegations contained in Paragraph 22 of the Complaint.

23. Liberty Life admits it sent a letter to Plaintiff's Counsel dated January 24, 2020, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 23 of the Complaint.

24. Liberty Life admits it sent a letter to Plaintiff dated January 24, 2020, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Plan, and Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 24 of the Complaint.

25. To the extent Plaintiff attempts to interpret the Policy, Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life admits that certain information concerning Plaintiff's earnings is reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life admits that the Policy includes language pertaining to the calculation of benefits as applicable to a participant's claim for benefits from the

Plan, and Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 25 of the Complaint.

26. Liberty Life admits it received a letter from Plaintiff's Counsel dated July 22, 2020, appealing the denial of Plaintiff's claim for further benefits from the Plan, but Liberty Life refers to the letter and documents themselves as the best evidence of their contents. Liberty Life denies all remaining allegations contained in Paragraph 26 of the Complaint.

27. Liberty Life admits it received a letter from Plaintiff's Counsel dated July 22, 2020, appealing the denial of Plaintiff's claim for further benefits from the Plan, but Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 27 of the Complaint.

28. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life admits it received an appeal of the denial of Plaintiff's claim for further benefits from the Plan, along with additional documentation, which is contained in the administrative record, and Liberty Life refers to the letters and documents themselves as the best evidence of their contents.

Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Plan, and Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 28 of the Complaint.

29. Liberty Life admits certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 29 of the Complaint.

30. Liberty Life admits certain documents concerning Plaintiff's claim for benefits from the Social Security Administration are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan but Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 30 of the Complaint.

31. Liberty Life admits that occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 31 of the Complaint.

32. Liberty Life admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 32 of the Complaint.

33. Liberty Life admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 33 of the Complaint.

34. Liberty Life admits that occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 34 of the Complaint.

35. Liberty Life admits that physician peer reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 35 of the Complaint.

36. Liberty Life admits that occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 36 of the Complaint.

37. Liberty Life admits that physician peer reviews and occupational analysis/vocational reviews are contained in the administrative record regarding Plaintiff's claim for benefits from the Plan under the Policy, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 37 of the Complaint.

38. Liberty Life admits it sent a letter to Plaintiff's counsel dated September 21, 2020, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 38 of the Complaint.

39. Liberty Life admits it sent a letter to Plaintiff's counsel dated September 21, 2020, and Liberty Life refers to the letter itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 39 of the Complaint.

40. Liberty Life admits it sent a letter to Plaintiff's counsel dated September 21, 2020, and Liberty Life refers to the letter itself as the best evidence

of its contents. Liberty Life denies all remaining allegations contained in Paragraph 40 of the Complaint.

41. Liberty Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the administrative review process. Liberty Life denies all remaining allegations contains in Paragraph 41 of the Complaint.

**MEDICAL FACTS**

42. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 42 of the Complaint.

43. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan, and Liberty Life refers to the administrative record itself as

the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 43 of the Complaint.

44. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 44 of the Complaint.

45. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 45 of the Complaint.

46. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 46 of the Complaint.

47. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan, and Liberty Life refers to the administrative record itself as

the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 47 of the Complaint.

48. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 48 of the Complaint.

49. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 49 of the Complaint.

50. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 50 of the Complaint.

51. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan, and Liberty Life refers to the administrative record itself as

the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 51 of the Complaint.

52. Liberty Life admits that certain medical treatment and complaints of Plaintiff are reflected in the administrative record regarding Plaintiff's claim for benefits from the Plan, and Liberty Life refers to the administrative record itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 52 of the Complaint.

53. Liberty Life admits the Policy includes language pertaining to the definition of "Disabled" or "Disability" as applicable to a participant's claim for benefits from the Plan, and Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 53 of the Complaint.

54. Liberty Life admits that Plaintiff exhausted administrative remedies regarding the specific claims, issues, and rationales that were asserted in the course of Plaintiff's claim and administrative appeal prerequisite to bringing a claim for recovery of benefits from the Plan under 29 U.S.C. § 1132(a)(1)(B). Liberty Life specifically denies, however, that administrative remedies were necessarily exhausted by Plaintiff regarding any specific claims, issues, or rationales that Plaintiff may have failed to raise in support of Plaintiff's claim or during the

administrative review process. Liberty Life denies all remaining allegations contains in Paragraph 54 of the Complaint.

55. Liberty Life admits it issued the Policy to hibu, which Policy, at certain times, insured benefits paid by the Plan. Liberty Life denies all remaining allegations contained in Paragraph 55 of the Complaint.

56. Liberty Life denies all allegations contained in Paragraph 56 of the Complaint.

57. Liberty Life denies all allegations contained in Paragraph 57 of the Complaint.

58. To the extent Plaintiff attempts to interpret the Policy, Liberty Life refers to the Policy itself as the best evidence of its contents. Liberty Life denies all remaining allegations contained in Paragraph 58 of the Complaint.

59. Liberty Life admits only that its decisions on Plaintiff's claim for benefits from the Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the Plan and that such decisions are governed by the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 59 of the Complaint.

60. Liberty Life admits only that its decisions on Plaintiff's claim for benefits from the Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the Plan and that such decisions are

governed by the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 60 of the Complaint.

61. Liberty Life admits only that its decisions on Plaintiff's claim for benefits from the Plan under the Policy were based on the administrative record regarding Plaintiff's claim for benefits from the Plan and that such decisions are governed by the terms of the Policy. Liberty Life denies all remaining allegations contained in Paragraph 61 of the Complaint.

**COUNT I:**

62. Liberty Life incorporates its responses to Paragraphs 1-61 by reference as if fully set forth herein.

63. Liberty Life denies all allegations contained in Paragraphs 63 and 63 a-d of the Complaint.

**COUNT II:**

64. Liberty Life incorporates its responses to Paragraphs 1-63 by reference as if fully set forth herein.

65. Liberty Life denies all allegations contained in Paragraph 65 of the Complaint.

66. Liberty Life denies all allegations contained in the WHEREFORE Paragraph of the Complaint and Paragraphs A-E thereunder and denies Plaintiff is entitled to the relief sought in the Prayer of the Complaint.

Liberty Life denies all allegations contained in the Complaint not specifically admitted herein.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

2. The standard of review by the District Court in this case should be whether the decision to terminate Plaintiff's benefits from the Plan under the Policy was an abuse of discretion because the relevant plan documents contain sufficient discretionary language to invoke that standard.

3. Plaintiff's recovery of benefits, if any, from Liberty Life is subject to an offset pursuant to the terms of the Policy and the documents governing the Plan, which requires offset and/or repayment of any award of other earnings or benefits, including any disability benefits Plaintiff or Plaintiff's dependents receive from the Social Security Administration.

4. Plaintiff has failed to exhaust administrative remedies regarding any specific claims, issues, or rationales that Plaintiff failed to raise in support of Plaintiff's claim or during the administrative review process.

5. Plaintiff's claims are barred because the Complaint was not filed within the Policy or statutory limitations period.

6. Liberty Life reserves the right to assert additional defenses.

## **PRAYER**

Liberty Life requests that the Court enter judgment that Plaintiff recovers nothing by this action, that Liberty Life be awarded its attorneys' fees and costs pursuant to 29 U.S.C. § 1132(g), and that Liberty Life be awarded such other and further relief to which it may show itself entitled.

Dated this 23rd day of April 2021.

Respectfully submitted,

By: /s/ Iwana Rademaekers

Iwana Rademaekers
State Bar of Texas No. 16452560
(Admitted *Pro Hac Vice*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEY FOR DEFENDANT,
LIBERTY LIFE ASSURANCE
COMPANY OF BOSTON

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing pleading was electronically filed with the clerk for the U.S. District Court, Middle District of Florida, using the electronic case filing system of the court, and the electronic case filing system sent a "Notice of Electronic Filing" to the following attorneys of record who have consented in writing to accept this Notice as service of this document by electronic means, as follows:

Britney Anne Heath McDonald, Esq.
Email: britney@marcwhitehead.com

Keith J. Ganobsik, Esq.
Email: kjfg1@hotmail.com

April 23, 2021 /s/ Iwana Rademaekers
Date Iwana Rademaekers