**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**TAMPA DIVISION**

DEBRA AUSTRIAN

Plaintiff,

v. Case No. 8:21-cv-156-KKM-TGW

LIBERTY LIFE ASSURANCE COMPANY OF BOSTON,

Defendant.

---

**Uniform Case Management Report**

The goal of this case management report is to "secure the just, speedy, and inexpensive determination of" the action. *See* Fed. R. Civ. P. 1. Under Local Rule 3.02(a)(2), this case management report should be used in all civil cases except those described in Local Rule 3.02(d). Individual judges may have additional case management preferences that can be found under each judge's name on the Court's website, flmd.uscourts.gov/judges/all.

## 1. Date and Attendees

The parties may conduct the planning conference "in person, by telephone, or by comparable means[.]" *See* Local Rule 3.02(a)(1).

The parties conducted the planning conference on 5/3/2021. Britney McDonald, on behalf of Plaintiff, and Iwana Rademaekers on behalf of Defendant, attended the conference.

## 2. Deadlines and Dates

The parties request these deadlines and dates:

| Action or Event | Date |
|---|---|
| Deadline for providing mandatory initial disclosures. *See* Fed. R. Civ. P. 26(a)(1). | 5/17/2021 |
| Deadline for moving to join a party, *see* Fed. R. Civ. P. 14, 19, and 20, or amend the pleadings, *see* Fed. R. Civ. P. 15(a). | 6/7/2021 |

| | |
|---|---|
| Plaintiff's deadline for disclosing any expert report. *See* Fed. R. Civ. P. 26(a)(2). | 6/7/2021 |
| Defendant's deadline for disclosing any expert report. | 6/7/2021 |
| Deadline for disclosing any rebuttal expert report. | 6/7/2021 |
| Deadline for completing discovery and filing any motion to compel discovery. *See* Fed. R. Civ. P. 37; *Middle District Discovery* (2021). | 9/1/2021 |
| Deadline for moving for class certification, if applicable. *See* Fed. R. Civ. P. 23(c). | Enter a date. |
| Deadline for filing any dispositive and *Daubert* motion. *See* Fed. R. Civ. P. 56. (Must be at least five months before requested trial date.) | 11/1/2021 |
| Deadline for participating in mediation. *See* Local Rules, ch. 4.<br>(The parties intend to engage in informal settlement negotiations. Should it be needed, the parties agree to mediate in-person with a mutually agreeable mediator.) | 10/1/2021 |
| Date of the final pretrial meeting. *See* Local Rule 3.06(a). | Enter a date. |
| Deadline for filing the joint final pretrial statement, any motion in limine, proposed jury instructions, and verdict form. *See* Local Rule 3.06(b). (Must be at least seven days before the final pretrial conference.) | Enter a date. |
| Date of the final pretrial conference. *See* Fed. R. Civ. P. 16(e); Local Rule 3.06(b). | Enter a date. |
| Month and year of the trial term. | Enter a date. |

The trial will last approximately 1 days and be

☐ jury.

☒ non-jury.

As trials are uncommon in ERISA benefit claims cases, the Parties believe this case should be resolved on dispositive motions without trial and request a briefing schedule in lieu of a trial setting (see No. 10 below).

## 3. Description of the Action

Plaintiff's claims arise under the Employee Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. Sec. 1001, et seq. Plaintiff seeks disability benefits under

a group benefits program ("Plan") in which Plaintiff was a participant as a result of her employment. Liberty, as the claims administrator for the benefits under the Plan, denied Plaintiff's claim for benefits under the terms of the Plan.

**4. Disclosure Statement**

☒ The parties have filed their disclosure statement as required by Federal Rule of Civil Procedure 7.1 and Local Rule 3.03.

**5. Related Action**

☒ The parties acknowledge their continuing duty under Local Rule 1.07(c) to notify the judge of a related action pending in the Middle District or elsewhere by filing a "Notice of a Related Action." No notice need be filed if there are no related actions as defined by the rule.

**6. Consent to a Magistrate Judge**

"A United States magistrate judge in the Middle District can exercise the maximum authority and perform any duty permitted by the Constitution and other laws of the United States." Local Rule 1.02(a). With the parties' consent, a district judge can refer any civil matter to a magistrate judge for any or all proceedings, including a non-jury or jury trial. 28 U.S.C. § 636(c).

The Court asks the parties and counsel to consider the benefits to the parties and the Court of consenting to proceed before a magistrate judge. Consent can provide the parties certainty and flexibility in scheduling. Consent is voluntary, and a party for any reason can decide not to consent and continue before the district judge without adverse consequences. *See* Fed. R. Civ. P. 73(b)(2).

☐ The parties do consent and file with this case management report a completed Form AO 85 "Notice, Consent, and Reference of a Civil Action to a Magistrate Judge," which is available on the Court's website under "Forms."

☒ The parties do not consent.

**7. Preliminary Pretrial Conference**

☒ The parties do not request a preliminary pretrial conference before the Court enters a scheduling order.

☐ The parties do request a preliminary pretrial conference, and the parties want to discuss enter discussion points.

## 8. Discovery Practice

The parties should read the Middle District Discovery Handbook, available on the Court's website at flmd.uscourts.gov/civil-discovery-handbook, to understand discovery practice in this District.

☒ The parties confirm they will comply with their duty to confer with the opposing party in a good faith effort to resolve any discovery dispute before filing a motion. *See* Local Rule 3.01(g); *Middle District Discovery* (2021) at § I.A.2.

## 9. Discovery Plan

The parties submit the following discovery plan under Rule 26(f)(2):

A. The parties agree to the timing, form, or requirement for disclosures under Rule 26(a):

☐ Yes.
☒ No; instead, the parties agree to these changes: Defendant produced a bates-labeled copy of the relevant Policy and Administrative Record to Plaintiff with its initial disclosures. Defendant has agreed to waive the initial disclosure requirement for Plaintiff, as this case is exempt from the initial disclosure requirements under Fed. R. Civ. P. 26(a)(1) pursuant to Fed. R. Civ. P. 26(a)(1)(B)(i) because it is "an action for review on an administrative record."

B. Discovery may be needed on these subjects:

Plaintiff contends that benefit denials governed under ERISA are generally reviewed by the courts under a de novo standard of review. Accordingly, Plaintiff seeks discovery on evidence of complex medical questions, the credibility of medical experts, plan interpretation questions, impartiality of administrator, procedural violations, and where there is little or no evidentiary record. This may include compensation incentives, failure to consider all evidence, including subjective complaints, SSDI awards, worker compensation awards, etc., goals or stated expectations of claim denial rates, use of bias outside vendors (medical reviewers), independence of those reviewers, and whether review of Plaintiff's benefit claim was full, fair, and impartial. Further, Plaintiff seeks discovery on whether communications with the claimant and third party reviewers was transparent, whether Defendant conducted peer to peer consultations to ensure claimant's physicians were given opportunity to provide input to

decision, the size of the pool of independent reviewers, compensation of reviewers tending to show financial dependence, and evidence of the Defendant conducting annual internal audits of its reviewers evaluating whether the reviewers are meeting the expectations set forth by the administrators.

Defendant disputes that the standard of review in this case is de novo. However, if the Court were to find that this case should be considered under the de novo standard of review, issues regarding any taint of Defendant's decision on Plaintiff's claim would be irrelevant, as the Court would be making its own decision based on the administrative record.

C. Discovery should be conducted in phases:

☒ No.
☐ Yes; describe the suggested phases.

D. Are there issues about disclosure, discovery, or preservation of electronically stored information?

☒ No.
☐ Yes; describe the issue(s).

E. ☒ The parties have considered privilege and work-product issues, including whether to ask the Court to include any agreement in an order under Federal Rule of Evidence 502(d).

F. The parties stipulate to changes to the limitations on discovery imposed under the Federal Rules of Civil Procedure and Local Rule 3.04 or other limitations:

☒ No.
☐ Yes; describe the stipulation.

**10. Request for Special Handling**

☐ The parties do not request special handling.

☒ The parties request special handling. The Parties believe this case should be resolved on dispositive motions without trial. Therefore, the Parties suggest that,

in lieu of a trial setting, this case should be decided on the administrative record and cross motions for judgement to be filed by the parties pursuant to the following proposed deadlines: **File Administrative Record by October 4, 2021; file Cross Motions for Judgment by November 1, 2021; file Responses by November 29, 2021; and file Replies by December 13, 2021**.

☐ Enter party's name unilaterally requests special handling. Specifically, describe requested special handling.

## 11. Certification of familiarity with the Local Rules

☒ The parties certify that they have read and are familiar with the Court's Local Rules.

## 12. Signatures


*/s/ Britney McDonald*
Britney Anne Heath McDonald
Tex. Bar No. 24083158
Fed. I.D. No. 2621983
(Admitted *Pro Hac Vice*)
403 Heights Blvd
Houston, Texas 77007
PH: (713) 228-8888
FX: (855) 842-2860
Email: britney@marcwhitehead.com

ATTORNEY IN CHARGE FOR PLAINTIFF

*/s/ Iwana Rademaekers*
Iwana Rademaekers
State Bar of Texas No. 16452560
(Admitted *Pro Hac Vice*)
LAW OFFICES OF IWANA RADEMAEKERS, P.C.
17304 Preston Road, Suite 800
Dallas, Texas 75252
Main: (214) 579-9319
Fax: (469) 444-6456
Email: iwana@rademaekerslaw.com

ATTORNEY IN CHARGE FOR DEFENDANT, LIBERTY LIFE ASSURANCE COMPANY OF BOSTON